The Honorable B.G. Hendrix State Representative 2215 South 40th Street Fort Smith, Arkansas 72903
Dear Representative Hendrix:
This is in response to your request for an opinion on whether it is lawful for the cities and counties located within the Western Arkansas Regional Solid Waste Management District to make annual interest-free loans over a three year period to the District for the purpose of constructing a solid waste management facility.
It is my opinion that the answer to this question is in all likelihood "no."
A similar question was addressed in Op. Att'y Gen. 91-098 (copy enclosed). In that opinion, it was concluded that a county was not authorized to grant a short-term interest-free loan to the county's rural development authority until the authority could issue bonds to repay the loan. Although it was noted that Arkansas Constitution, art. 12, § 5 was likely no impediment, as this office has opined that it operates to bar the appropriations of money only to private entities, it was also concluded that Arkansas Constitution, art. 16, § 1 provides that counties and cities shall not "lend their credit" for "any purpose whatsoever." This prohibition, it was concluded, likely operates to prohibit a county or city from loaning money to another public entity.
It is my opinion, similarly, that a plausible constitution challenge could be raised against the cities and counties in the Western Arkansas Regional Solid Waste Management District loaning the District money. The Arkansas Supreme Court, as recently as 1991 has stated that a "county [or city] cannot lend its credit for any purpose." Dudley v. Little RiverCounty, 305 Ark. 102, 805 S.W.2d 645 (1991) (holding that sales of county gravel to residents on credit violated Art. 16, § 1.)
As was noted in Opinion 91-098, however, there does not appear to be any prohibition against the outright granting of funds to a public entity such as the Western Arkansas Regional Solid Waste Management District. In addition, "municipalities" are specifically authorized by statute to invest in bonds issued by the District. See A.C.A. § 8-6-813(a) (Repl. 1993). Finally, A.C.A. § 8-6-814 provides that any municipality or county may acquire facilities for a project, or any portion thereof, including a project site, by gift, purchase, lease, or condemnation, and may transfer the facilities to the district by sale, lease, or gift. The transfer may be authorized by ordinance of the governing body without regard to the requirements, restrictions, limitations, or other provisions contained in any other law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh